UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PAUL SANTIVANEZ,

    Petitioner,

v.      Case No. 5:09-cv-313-Oc-32GRJ

WARDEN, FCC COLEMAN–USP II,

    Respondent.

## ORDER OF DISMISSAL

Petitioner, *pro se*, a federal prisoner at the Coleman Federal Correctional Complex, initiated this matter by the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is challenging a conviction and sentence imposed by the United States District Court for the Western District of Texas. (Doc. 1). See United States v. Santivanez, case no. 5:98-cr-0304-OLG.

Petitioner attacks the validity of his sentence rather than the means of its execution. Petitioner was already denied relief under 28 U.S.C. § 2255.[1] Thus, it is clear that Petitioner is now pursuing relief in this Court under § 2241 because filing a motion under § 2255 would be barred as a successive petition. See 28 U.S.C. § 2255. However, under these circumstances, Petitioner is expressly precluded by § 2255(e) from pursuing any remedies under § 2241. Section 2255(e) states that an application such as this one "shall not be entertained if it appears that the applicant

---

[1] See Petition, pg. 2; Santivanez v. United States, case no. 5:02-cv-0978-OLG.

has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief ..."

The Petitioner seeks to avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255(e) which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate or ineffective.[2] Further, in Wofford, the court held that:

> The savings clause of §2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal or first §2255 motion.

Id at 1244.

Even when those narrow and stringent requirements are met so as to "open the portal" to a § 2241 proceeding, the Petitioner must then demonstrate "actual innocence." [3] In Bousley the court said "[i]t is important to note in this regard that

---

[2] Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

[3] Wofford, 177 F.3d at 1244, n. 3 (*citing* Bousley v. United States, 523 U.S. 614 (1998).

'actual innocence' means factual innocence, not mere legal insufficiency."[4]

In this instance, Petitioner presents arguments that should have been raised at the time of sentencing, on direct appeal, or in his §2255 proceeding. This comes nowhere close to the requirements of Wofford, and even if it did, is far short of demonstrating "actual innocence" under Bousley.

Accordingly, the Petition under 28 U.S.C.§ 2241 (Doc. 1) is **DISMISSED** with prejudice prior to service. See Habeas Rule 4 ("it plainly appears from the petition . . . that the petitioner is not entitled to relief...,"). The Clerk is directed to enter judgment dismissing the Petition, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 17th day of August 2009.

TIMOTHY J. CORRIGAN
United States District Judge

c: Paul Santivanez

---

[4] Bousley, 523 U.S. at 623.

3